IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| CHERYL HINDS-THOMAS, on behalf of herself and all others similarly situated, | CASE NO. _____ |
| Plaintiff, | |
| v. | CLASS-ACTION PETITION FOR DAMAGES AND DEMAND FOR JURY TRIAL |
| LM GENERAL INSURANCE COMPANY<br>Serve: Registered Agent<br>        CSC-Lawyers Incorporating Service Co.<br>        221 Bolivar Street<br>        Jefferson City, MO 65101, | |
| Defendant. | |

Plaintiff, Cheryl Hinds-Thomas, individually and on behalf of all others similarly situated, files this Class Action Complaint against LM General Insurance Company ("LM General" or "Defendant") and in support states as follows:

## NATURE OF THE ACTION

1. This is a class action lawsuit by Plaintiff Cheryl Hinds-Thomas who was the named insured under a LM General automobile policy for private passenger auto physical damage, pursuant to which Defendant was required to pay the applicable sales tax for a damaged or stolen vehicle as part of a payment of loss.

2. Insureds, such as Plaintiff and the putative Class Members, pay a premium in exchange for LM General's promises under its automobile policy.

3. Notwithstanding its clear contractual obligations, LM General failed to include sales tax in its total-loss payments for Plaintiff's and putative Class Members' claims, in breach of its clear policy promise.

4. This lawsuit is brought by Plaintiff individually and on behalf of all other similarly situated insureds who suffered damages due to LM General's failure to pay sales tax.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to MO Rev. Stat. § 478.070.

6. This Court has personal jurisdiction over Defendant because the Defendant at all times material hereto was licensed to transact in insurance in the State of Missouri, has offices in the State of Missouri, writes millions of dollars in premiums in the State of Missouri, and engages in substantial business activities in the State of Missouri.

7. Venue is proper in this Court, pursuant to MO Rev. Stat. § 478.461, because the cause of action arose in this County, the transaction, or some part of it, occurred in this County, and Defendant is not a Missouri resident. But Defendant does conduct customary and extensive business in St. Louis County and is subject to personal jurisdiction here.

## THE PARTIES

8. At all times material hereto, Plaintiff Cheryl Hinds-Thomas is and was a citizen of the State of Missouri and domiciled in St. Louis County.

9. At all times material hereto, Defendant is and was a corporation located in the State of Illinois and authorized to transact insurance in the State of Missouri and conducting a substantial part of its business in St. Louis County. Defendant's principal place of business is located in the State of Illinois.

## LM GENERAL POLICY

10. The Form Policy issued by LM General to the Plaintiff and all putative class members are virtually identical in all material respects. Affixed hereto is the Policy Form issued

2

to Ms. Hinds-Thomas (the "Policy"). The terms therein are applicable and identical to the terms applicable to Ms. Hinds-Thomas and all putative class members. Exh. A (Policy).

11. In its standardized Policy, Defendant promises to pay for "direct and accidental loss to 'your covered auto'". *Id*. at 7.

12. In the event that an insured's covered auto sustains loss, Defendant explains, in its "Payment of Loss" section, "[w]e may pay for loss in money or repair or replace the damaged or stolen property." *Id.* at 10.

13. Defendant further promises "[i]f we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property." *Id.*

## PLAINTIFF CHERYL HINDS-THOMAS' ACCIDENT

14. At all times material hereto, Plaintiff insured a 1996 Mercury Grand Marquis LS 4D Sedan under the Policy issued by LM General.

15. On or about April 5, 2016, the insured vehicle sustained loss or damage, after which Plaintiff filed a claim for property damage with LM General.

16. Following the filing of said claim, Defendant determined that the vehicle was a total loss with a market driven value of $2,965.00 and a net adjusted market value of $2,565.00. Exh. B (Valuation Report).

17. LM General calculates the base and adjusted value through a third-party vendor ("Autosource"), which bases vehicle valuations on the cost to purchase similar vehicles with similar conditions and mileage. First, Autosource identifies the underlying value of comparable vehicles, from which it adjusts based on any differences in mileage, trim, options, *etc. See* Exh. B.

18. LM General determined that the "actual cash value" was $2,471.00, added $494.00 for better car replacement, and subtracted the deductible of $400.00 and the salvage value of

3

$205.73 for a total payment of $2,359.73. Exh. C (Settlement Letter).  By failing to include sales tax in making payment for the loss, LM General breached its contract with Plaintiff.

19. Nothing in the Policy unambiguously excludes sales tax or contradicts Defendant's promise to pay sales tax where it pays for the loss in money. To the extent the applicable limitation on liability is the vehicle's actual cash value, such limitation does not operate to exclude or subvert Defendant's explicit and unambiguous promise to include payment for sales tax in its loss payments.

20. Similarly, LM General failed to pay sales tax to all members of the Class, defined below, and thus breached its contract with all such Class Members.

## CLASS ALLEGATIONS

21. Plaintiff brings this action as representative of the Class defined as follows:

> All Missouri citizens, under a policy issued by LM General covering a vehicle with private-passenger auto physical damage coverage for comprehensive or collision loss, who, within the applicable statute of limitations prior to the filing of this lawsuit through the date of the certification Order, submitted a first-party property damage claim determined by LM General to constitute a covered loss claim and where the loss claim payment did not include sales tax.

22. The Policy, including comprehensive and collision coverage and the Payment of Loss section, are materially identical as to Plaintiff and all members of the Class, and apply equally to Plaintiff and all members of the Class.

23. There are numerous parties such that it would be impracticable to bring all the parties before the court. For example, upon information and belief and based on the premiums written in this state by LM General and LM General's loss ratio (percentage of premiums collected paid on claims), Plaintiff estimates there are thousands of members of the Class.

24. Additionally, there exists a question of common interest as to members of the Class – namely, whether sales tax should be paid as part of a payment of loss under the Policy.

25. This case is ideally suitable for class treatment because the common question (a) is a legal question of policy interpretation resolvable as a matter of law by this Court and (b) this Court's determination will resolve virtually the entirety of each member of the Class' claims in one stroke. If this Court determines that a loss payment includes sales tax, then every member of the Class is entitled to payment of sales tax (less the amount, if any, previously paid).

26. Calculation of such damages will be a ministerial effort based on data and records in Defendant's possession and kept as a normal, business practice.

27. Moreover, it would be a significant waste of judicial and party resources to file thousands of individual lawsuits merely to resolve the exact same question of policy interpretation, and to do so would unnecessarily create the risk of inconsistent adjudications and conflict within and between the courts. It is far more efficient – and far more preferable – to resolve the centrally dispositive question of policy interpretation for thousands of Class Members in a single stroke.

28. Importantly, Plaintiff and the undersigned have no conflicts adverse to those of the Classes, and there are no other issues or facts that preclude class treatment or render it less than ideal for any reason.

## **COUNT I: BREACH OF CONTRACT**

29. Paragraphs 1 through 28 are hereby incorporated by reference.

30. This count is brought by Plaintiff Cheryl Hinds-Thomas individually and on behalf of the Class Members.

31. Plaintiff was party to an insurance contract with LM General as set forth herein. All Class Members were parties to an insurance contract with LM General containing materially-identical terms. Plaintiff and members of the Class satisfied all conditions precedent.

32. Plaintiff and all Class Members made a claim determined by LM General to be a first-party loss under the insurance policy and determined by LM General to be a covered claim.

33. Upon the loss to the insured vehicles, Plaintiff and every Class Member were owed the sales tax as part of their loss payment. Nevertheless, Defendant failed to include sales tax in making the loss claim payments.

34. By failing to include sales tax in the loss claim payments, Defendant breached its contract with Plaintiff and with each respective Class Member.

35. As a result, Plaintiff and all Class Members were damaged, and are entitled to damages in the amount of the Sales Tax, less any amount in sales tax already paid (if any), along with prejudgment interest, post-judgment interest, costs, and attorneys' fees allowable by law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Cheryl Hinds-Thomas, individually and on behalf of the Class Members, demand a trial by jury on all triable issues and seek relief and judgment as follows:

- For an Order certifying this action as a Class Action on behalf of the Class described above;

- For an award of compensatory damages for the Class in amounts owed under the Policies;

- For all other damages according to proof;

- For an award of attorney's fees and expenses as appropriate pursuant to applicable law;

6

- For costs of suit incurred herein;

- For pre and post-judgment interest on any amounts awarded; and

- For injunctive and other further forms of relief as this Court deems just and proper.

Dated: April 29, 2021                                    Respectfully submitted,

                      **ONDERLAW, LLC**

By   */s/ Martin L. Daesch*
Martin L. Daesch #40494
Jesse B. Rochman, #60712
Craig W. Richards, #67262
110 E. Lockwood, 2nd Floor
St. Louis, MO 63119
314/963-900 telephone
314/963-1700 facsimile
daesch@onderlaw.com
rochman@onderlaw.com
richards@onderlaw.com

*Attorneys for Plaintiff Cheryl Hinds-Thomas*